**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 3370 |
| EDWARD A. SCOTT III, LAURI E. SCOTT. ROBERT G. RIFFNER and, HARRIS BANK BARRINGTON, N.A. | ) ) ) ) | Judge Sharon Johnson Coleman Magistrate Judge Sidney Schenkier |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants, Edward A. Scott, Laurie Scott, and Robert Riffner, filed the instant motion seeking dismissal of the complaint as a discovery sanction under Rule 37. Defendants contend that AUSA Schifano, counsel for the IRS, willfully and in bad faith has never provided defendants with an accurate and exact quantification of the debt defendants allegedly owe.

The case is currently in a settlement posture before Magistrate Judge Schenkier. In early February, the government gave defendants 30 days to submit various pieces of sworn material to substantiate their inability to pay and then the government was going to require 30 days to consider the material. A settlement conference is scheduled for May 3, 2011.

**Background**

The instant case was filed on June 3, 2009, by the government (IRS) seeking to reduce tax liens to judgment and collect unpaid taxes from the defendants. Defendants answered the complaint and asserted affirmative defenses, primarily an inability to pay. Defendants did not assert any deficiency in the pleading.

According to the discovery schedule, Rule 26(a)(1) disclosures were due on December 12, 2009. AUSA Schifano, as counsel for the government, did not meet that deadline. On January 27, 2010, the Court (J. Pallmeyer) held a status hearing and entered the following order, in relevant part:

> "On Plaintiff's oral motion and for good cause shown, time for service on Defendant Robert G. Riffner and Defendant Harris Bank Barrington, NA extended for additional 30 days. Within 14 days, Government will be expected to provide (a) relevant transcripts or other records reflecting the amount of tax allegedly owed, and (b) Rule 26(a)(1) disclosures." (Dkt. 19.)

Service on defendants Riffner and Harris Bank was initially due on February 10, 2010, and the government served them on February 25, 2010, within the 30 day extension granted by the court. However, the government did not provide transcripts of the amount owed until March 30, 2010. AUSA Schifano cited serious health issues and a calendaring mistake for the delay.

On March 18, 2010, defendant Riffner sought reconsideration of the court's decision to extend the time in which the government had to serve Riffner. On April 2, 2010, defendants filed the motion to dismiss currently under consideration. Judge Pallmeyer set concurrent briefing schedules on both motions and set a ruling date of April 30, 2010. On April 30, 2010, Judge Pallmeyer entered the following order:

> "Motion hearing held. Defendants' motion to dismiss entered and continued. Absent full disclosure by the government of the amounts it seeks to recover and an accounting for any payments, recovery from seized and assigned assets, and any other credits or set-offs, this case will be dismissed with prejudice. As the court remains satisfied that there was good cause for the brief extension sought by the government of time for service of process, Robert Riffner's motion for reconsideration is denied." (Dkt. 39.)

On May 21, 2010, AUSA Schifano filed a 156 page accounting. Judge Pallmeyer set a briefing schedule for responses to the accounting submitted by the government and then scheduled an evidentiary hearing on the matter due to a factual dispute about the government's compliance

with the Court's April 30th order. The evidentiary hearing was scheduled for August 6, 2010. Just prior to the hearing, AUSA Schifano filed an emergency motion to continue the hearing to another date. He had taken seriously ill, stating in the motion that he was suffering from acute gastrointestinal bleeding, nausea and vomiting. (Dkt. 48.) On August 12, 2010, Stephen Lyons and Christina Bixby filed their appearances as substitute counsel for the government.

On August 25, 2010, the government provided a supplemental accounting of the amount allegedly owed by defendants. On August 26, 2010, the Court held a status hearing and entered the following order:

> "The government having substantially amplified its response to the court's April 30, 2010 order, the court will expect it to reimburse Defendants for their fees devoted to the compliance issue. The court declines to impose the more severe sanction of dismissal. Rule 16 conference set for 9/3/2010." (Dkt. 53.)

On September 3, 2010, the Court held a status hearing and entered the following order:

> "By 9/17/2010, Defendants will advise whether the supplemental materials provided by the government remain inadequate to put them on notice as to the nature, amount and scope of their tax liability. Defendants' fee petition to be filed 10/4/2010; response 10/25/2010; reply 11/8/2010. Rule 16 conference reset to 9/24/2010." (Dkt. 54.)

Defendants did not advise the court by September 17, 2010, whether the supplemental materials submitted by the government remain inadequate. In fact, though defendants asserted in the Joint Status Report filed after the reassignment of the case to this court's calendar that they have not waived objection to the supplemental accounting, they have not filed anything asserting such an objection. Defendants have also not filed a fee petition as ordered by the Court.

## **Legal Standard**

Rule 37 provides for sanctions, including dismissal, for failure to comply with discovery orders. Fed. R. Civ. P. 37. "Dismissal with prejudice is an extreme sanction that should be used only as a last resort in situations where the noncomplying party displayed willfulness, bad faith,

or fault." Robinson v. Champaign Unit 4 Sch. Dist., ___ F.3d ___, 2011 U.S. App. LEXIS 4686 (7th Cir. Mar. 9, 2011). Before dismissing a case, district courts must consider and explain why lesser sanctions would be ineffective, even in instances of prejudice. See Maynard v. Nygren, 332 F.3d 462, 468 (7th Cir. 2003).

## Discussion

It appears from the record, as referenced above, that Judge Pallmeyer ruled on the instant motion, without explicitly stating that was her intention.  The primary issue in the motion to dismiss revolves around the government's failure to timely comply with the Rule 26(a)(1) disclosure deadline and the Court's order of January 27, 2010.  Defendants seek dismissal as a sanction for the government's noncompliance because defendants claim the government had not provided them with an accurate and exact figure owing.  It should be noted, however, that briefing on this motion was complete on April 23, 2010, prior to the first accounting submitted by the government and also prior to the supplemental accounting filed by the government.

Following the submission of the supplemental accounting, the Court appears to rule on the instant motion by requiring the government to pay the defendants' fees in pursuing the "compliance issue," and declining to impose the more severe sanction of dismissal.  Since this is the only motion apparently pending in this case and the only motion seeking dismissal as a sanction, it seems logical that the Court in fact ruled on this motion on August 26, 2010.  The Court nevertheless provided defendants with an opportunity to advise the Court by September 17, 2010, if the supplemental accounting remained inadequate, which they failed to do.  Thus, this Court finds that defendants have waived any objections to the adequacy of supplemental accounting for purposes of providing defendants with notice.

Under the above circumstances, it seems that Judge Pallmeyer has already ruled on the

motion to dismiss by declining to impose the sanction of dismissal and instead ordered the government to pay defendants fees. Even if Judge Pallmeyer has not ruled on the motion, it should be denied. At no point do defendants explain in what way they were prejudiced by the delay in the accounting or provide any evidence that AUSA Schifano was acting in bad faith through his delay in compliance. It is evident from the record that AUSA Schifano was suffering from serious health issues that were affecting his work, and that the government, having other attorneys, should have addressed any deficiencies. Since that time, however, the government has substituted new counsel and submitted additional evidence of the amount allegedly owed, to which defendants still have not responded or objected. The noncompliance at issue does not appear to rise to the level of willful refusal to comply with the Court's orders or bad faith sufficient to warrant dismissal, especially in light of the fact that defendants have since failed to comply with the Court's orders directing them to respond to the supplemental accounting and to file a fee petition.

## Conclusion

Defendants' Motion to Dismiss [32] is denied without prejudice.

IT IS SO ORDERED.

Date: March 29, 2011.

Entered:
Sharon Johnson Coleman